OPINION
{¶ 1} The State of Ohio appeals a judgment of the County Court of Morgan County, Ohio, which sustained defendant/appellant Gary M. Wright's motion to suppress, finding the officer did not have probable cause to arrest the appellee. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO SUPPRESS ON THE GROUND THAT THE OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST THE APPELLEE"
 {¶ 3} At the hearing on the motion to suppress the following facts were adduced. On February 14, 2002, Officer Tom Dillon, II., of the McConnelsville Police Department received information from the sheriff's office. Officer Dillon testified the sheriff's office had received a report of a red Cougar leaving Ridgeview Apartments, driven by appellee, and appellee was intoxicated. Officer Dillon and two other officers began to look for the red Cougar.
 {¶ 4} Officer Dillon testified approximately an hour and one-half to two hours from receiving the report, he observed a red Cougar driving down Main Street of McConnelsville across the old bridge which marked the boundary between the Village of McConnelsville and the Village of Malta. Officer Dillon followed the red Cougar, although he was out of his jurisdiction at that point. Officer Dillon did not observe any traffic violations or signs of impairment. The officer radioed the license plate into dispatch.
 {¶ 5} After the red Cougar parked in front of a house in Malta, the officer met a sheriff's deputy who was also looking for the red Cougar. At approximately this time, Officer Dillon learned there was an active warrant for the owner of the vehicle, appellee, from Marietta Court. After Officer Dillon had communicated this with the sheriff's deputy, who was in his own jurisdiction at the time, the parties observed the red Cougar coming back down the main street of Malta, and over the bridge into McConnelsville. At that point, Officer Dillon again began to follow the vehicle, intending to make a stop on the active warrant.
 {¶ 6} Officer Dillon made the traffic stop in the Village of McConnelsville. After ascertaining the driver was appellee, the officer detected an odor of alcohol. The officer also observed a package of beer cans on the floor board of the back seat. One beer was unopened, and two cans were empty. There was no open container violation.
 {¶ 7} Officer Dillon testified he asked appellee if he had been drinking, and appellee replied, "yes". On cross, Officer Dillon conceded appellee indicated he consumed "maybe six beers" over a period of approximately seven hours.
 {¶ 8} The officer testified he administered three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test, and the one-legged stand test. The officer testified appellee failed the horizontal gaze nystagmus test on all six criteria. On direct, the officer testified it was his opinion appellee had also failed the walk and turn test, because he raised his arms to keep his balance and out of the twenty heel to toe steps, on "a few" appellee stepped more than a half inch heel to toe. Finally, Officer Dillon testified appellee was able to perform the one-legged stand test without dropping his foot and without losing count of the thirty seconds, but he did raise his arms above the six inch level to keep his balance. On direct, the officer stated appellee did "fairly well" on the walk and turn and the one legged stand, and his major reason for arresting appellee for DUI was his performance on the horizontal gaze nystagmus test.
 {¶ 9} The officer testified the sheriff's office contacted the Marietta Police Department regarding the outstanding warrant, and the police department indicated it did not want appellee arrested at the time, but only be told to appear in court.
 {¶ 10} On cross, defense reviewed the officer's typewritten report. Officer Dillon conceded he had not indicated, either in the report or on his direct testimony what degree of alcoholic beverage odor he detected, that is, he had not testified strong, moderate, faint, or none. The officer conceded appellee was cooperative and the officer did not note whether the appellee was pale, flushed, or normal. The officer did not note whether appellee's eyes were blood shot or watery, nor did he comment on the size of appellee's pupils.
 {¶ 11} The officer conceded he did not note any unusual actions, nor any slurred or stuttered speech.
 {¶ 12} On redirect, Officer Dillon testified even if he had not arrested appellee for DUI, he would have arrested him because of the outstanding warrant from Marietta.
 {¶ 13} The trial court found the State had failed to present sufficient evidence to demonstrate there was probable cause to arrest appellee for operating a motor vehicle while under the influence of alcohol or drugs.
 {¶ 14} The State correctly articulates the test for probable cause as whether, at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe the suspect was driving under the influence, see Beck v. Ohio (1964),379 U.S. 89; State v. Timson (1974), 38 Ohio St.2d 122. The State also correctly notes an officer does not have to observe poor driving performance in order to make an arrest for DUI if all the other facts and circumstances lead to the conclusion the driver was impaired, State v.Hoffman (Sept. 21, 2002), Licking App. No. 01CA22.
 {¶ 15} A police officer may testify regarding a driver's performance on the horizontal gaze nystagmus test as it pertains to the issue of probable cause, State v. Bresson (1990), 51 Ohio St.3d 123,154 N.E.2d 1330. The court should consider the arresting officer's knowledge of the test, his training, and his ability to interpret his observations, Id. The only test at issue in Bresson was the horizontal gaze nystagmus test, but the Bresson court suggested the same tests for admissibility would also apply to the other field sobriety tests.
 {¶ 16} The Supreme Court had the opportunity to review issues surrounding field sobriety tests in the recent case of State v. Homan,89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952. In Homan, the Supreme Court found a field sobriety test must be administered in strict compliance with standardized procedures, but probable cause to arrest does not necessarily have to be based upon the suspect's poor performance on one or more of the tests. The Supreme Court reaffirmed the totality of facts and circumstances test, finding it can support a finding of probable cause to arrest event though there are no field sobriety tests administered, or where they must be excluded for lack of strict compliance.
 {¶ 17} The Supreme Court outlined some of the facts and circumstances which, might lead to a finding of probable cause. Those criteria are the classic erratic driving, red and glassy eyes, and odor of alcohol, Homan at 427, citations deleted.
 {¶ 18} Here, the State presented evidence appellee failed the horizontal gaze nystagmus test, and performed, in the officer's own words, fairly well on the other field sobriety tests. The officer only testified to an unquanified odor of alcohol, and did not note any other physical indicia of impairment. The officer also followed the appellee on two occasions without observing any impaired or erratic driving. The original reason for the officer's search for the red Cougar was an anonymous tip, received at least an hour and one-half to two hours before Officer Dillon made the stop. Officer Dillon did not testify to any facts supporting a finding the telephoned tip was reliable.
 {¶ 19} Our review of the record leads us to conclude the trial court properly sustained the motion to suppress.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the County Court of Morgan County, Ohio, is affirmed.
Judgment affirmed.
Farmer and Wise, JJ., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Morgan County, Ohio, is affirmed. Costs to appellant.